UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Tonia Hollis f/k/a Tonia Cook, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Northland Group, Inc.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

## PARTIES

2. Plaintiff Tonia Hollis f/k/a Tonia Cook is a natural person who resides in the City of New Bern, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Northland Group, Inc. (hereinafter "Northland") is a corporation and a collection agency operating in 7831 Glenroy Rd. #350, Edina, MN 55439. It is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. Sometime prior to 2008, Plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. § 1692a(5), with Heilig Meyers store.

5. The alleged debt was transferred or assigned to Defendant by Palisades Collection on March 31, 2008.

6. Because the alleged Heilig Meyers debt is now more than 7 years old, it is beyond the applicable statute of limitations and the credit reporting deadline, thus rendering it stale, uncollectible, and legally unenforceable.

7. Despite this fact, on or about April 2, 2008, Plaintiff received a collection letter from Defendant stating she owed money and there was a "$383.92 balance due". (*See* attached Exhibit 1).

8. Further, Exhibit 1 states:

> *"Our client has asked us to advise you that a negative credit report reflecting on your credit may be submitted by our client to a credit reporting agency when you fail to fulfill the terms on your credit agreement."*

*(Emphasis Added)*

9. Defendant's threat to report the debt to a credit reporting agency if there is not payment is a false threat to take action that legally cannot be taken and will not in fact occur as the credit reporting deadline has run with the applicable statute of limitation in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

10. As a direct and proximate result of the foregoing acts and omissions by Defendant, Plaintiff is entitled to an award of statutory damages, costs and attorneys fees under the FDCPA.

11. Defendant's creditor client Palisades Collection LLC was recently sued and a class action was certified for similar violations of law related to filing suit on time barred debts.  See <u>Ramirez v. Palisades Collection</u>, 2008 WL 835694 (N.D. Ill. 3/28/08).

## **CLASS ALLEGATIONS**

12. This action is brought on behalf of a class of individuals:

    a. Statewide class consisting of (i) all persons/consumers with addresses within the states of Minnesota and North Carolina, (ii) to whom were sent written communication by Defendant, (iii) which were similar or identical to Plaintiff's Exhibit 1, (iv) in which Defendant was attempting to collect on a debt beyond the applicable statute of limitations, (v) which stated that without payment the consumers credit report would be reported to the credit reporting agency beyond the seven year reporting period, (vi) to recover a consumer debt for personal, family, or household purposes, (vii) which were not returned undelivered by the U.S. Post Office, (viii) during the one year period prior to the filing of the complaint in this action.

13. The class is so numerous that joinder of all members is impractical.  Upon information and belief, Defendant has unlawfully sent letters and envelopes similar to <u>Exhibit 1</u> to hundreds of consumers in the state of Minnesota and North Carolina.

14. There are questions of law and fact, common to the class, which predominated over any questions affecting only individual class members.  The principle question is whether Defendant's conduct in connection sending <u>Exhibit 1</u> to consumers violates the FDCPA.

15. There are no individual questions, other than the identification of class members.

16. Plaintiff will fairly and adequately protect the interest of the class.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel

experienced in handling class actions and consumer claims. Neither Plaintiff nor her counsel has any interests, which might cause her not to vigorously pursue this claim.

17. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
   b) A class action is a superior to other available methods for the fair and efficient adjudication of this controversy.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

### TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts of Defendant violate the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of said violations Plaintiff is entitled to actual and statutory damages of up to $1,000.00 and the class is entitled to statutory damages up to $500,000 or 1% of the net worth of Defendant, whichever is less, from Defendant, as well as costs and reasonable attorneys' fees.  15 U.S.C. § 1692k(a)(2)(B) and § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court enter the following Judgment, in Plaintiff's favor:

- for declaratory judgment that Defendant's letter in the form of Exhibit 1 violated the Fair Debt Collection Practices Act;
- Certification of this action as a class action;
- for an award of statutory damages to Plaintiff and relief to the class in the form of $500,000 or 1% of the net worth of Defendant, whichever is less, for violations of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(B), against Defendant;
- for an award of costs, expenses, and reasonable attorney fees under the FDCPA pursuant to 15 U.S.C. § 1692(a)(3); and
- for such other and further relief as may be just and proper.

-6-

Dated this 20th day of August, 2008.  *ATTORNEYS FOR REPRESENTATIVE PLAINTIFF AND THE PUTATIVE CLASS*

By: s/Thomas J. Lyons, Jr._____
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF NORTH CAROLINA          )
                                 ) ss
COUNTY OF <u>CRAVEN</u>          )

I, Tonia Hollis, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                         s/Tonia Hollis_____
                                         Tonia Hollis

Subscribed and sworn to before me
this <u>5</u> day of August, 2008.


s/Carol Gaskins_____
Notary Public