UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tonia Hollis f/k/a Tonia Cook,                                Civil No. 08-4985 (DWF/FLN)
on behalf of herself and all others
similarly situated,

          Plaintiff,

v.                                                                                    **MEMORANDUM
                                                                                      OPINION AND ORDER**

Northland Group, Inc.,

          Defendant.

_____

Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., counsel for Plaintiff.

Peter A. Koller, Esq., James R. Bedell, Esq., Michael S. Poncin, Esq., and John K. Rossman, Esq., Moss & Barnett, PA; and Jeffrey A. Olson, Esq., Jeffrey A. Olson, PLLC, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court pursuant to a Motion for Judgment on the Pleadings brought by Defendant Northland Group, Inc. For the reasons stated below, Northland's motion is granted.

## BACKGROUND

Prior to 2008, Plaintiff allegedly incurred a "consumer debt." (Compl. ¶ 4.) The debt was transferred to Defendant, a collection agency, on March 31, 2008. (Compl. ¶ 5.) On or about April 2, 2008, Defendant sent Plaintiff a collection letter indicating that she owed $383.92. The collection letter reads in part:

> Our client has asked us to advise you that a negative credit report reflecting on your credit record may be submitted by our client to a credit reporting agency when you fail to fulfill the terms on your credit agreement.

(Compl. ¶¶ 7-8, Ex. 1.)  On August 21, 2008, Plaintiff filed this action.  In her Complaint, Plaintiff asserts that Defendant violated several provisions of the Fair Debt Collections Practices Act ("FDCPA"), namely 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), and 1692f.  As of the date of Plaintiff's Complaint, the debt was more than seven years old.  (Compl. ¶ 6.)

## DISCUSSION

**I.     Legal Standard**

The Court evaluates a motion for a judgment on the pleadings brought under Rule 12(c) under the same standard as a motion brought under Rule 12(b)(6).  *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott*, 901 F.2d at 1488.  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

## II.     Defendant's Motion

In her Complaint, Plaintiff asserts that Defendant violated several provisions of the FDCPA, including the following provisions of 15 U.S.C. § 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> **(2)** The false representation of—
>
>> **(A)** the character, amount, or legal status of any debt; or
>>
>> **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> . . .
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
>
> **(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

> . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (5), (8), (10).  Plaintiff also asserts a violation of 15 U.S.C. § 1692f, which provides in part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

The language of the April 2, 2008 collection letter forms the basis for Plaintiff's FDCPA claim.  Specifically, Plaintiff asserts that Defendant violated the FDCPA by threatening to report her debt to a credit reporting agency.[1]  Plaintiff contends that Defendant, in fact, could not permissibly report her debt because the credit reporting time period had passed.  Plaintiff also contends that Defendant's collection communication was false and misleading because it indicated that Plaintiff's credit history could be affected if she did not pay her old debt, even though that debt was beyond the credit reporting time period.

Defendant moves for judgment on the pleadings, asserting that Plaintiff's FDCPA claim fails for several reasons:  because it is not illegal to provide information on a

---

[1]     Also in her Complaint, Plaintiff generally alleges that the debt in question was "stale, uncollectable, and legally unenforceable."  (Compl. ¶ 6.)  Defendant asserts that the Court must dismiss Plaintiff's Complaint to the extent that she alleges that Defendant violated the FDCPA by seeking to collect a debt that was more than seven years old.  In support, Defendant cites to *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir. 2001).  In *Freyermuth*, the Eighth Circuit Court of Appeals held that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."  248 F.3d at 771.  Plaintiff does not claim that Defendant threatened litigation.  Instead, Plaintiff bases her FDCPA claim on the allegation that Defendant threatened to take action that legally could not be taken.

"stale" claim to a consumer reporting agency; because Plaintiff did not dispute the debt; and because Defendant did not make a threat. In response to Defendant's motion, Plaintiff maintains that she has sufficiently pleaded facts to establish the alleged FDCPA violations.

Plaintiff claims that the alleged debt cannot legally be included in her credit report and therefore Defendant's assertion that "a negative credit report reflecting on your credit record may be submitted by our client to a credit reporting agency" was false and misleading and threatened action that cannot legally be taken. Defendant, on the other hand, asserts that it is not illegal for Defendant or its clients to provide information to a consumer reporting agency on a claim that is more than seven years old.

Plaintiff relies solely on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, to support her position that a debt that is more than seven years old cannot be reported as part of a consumer's credit history. In particular, Plaintiff points to 15 U.S.C. § 1681c(a)(4), which reads:

> (a) Information excluded from consumer reports
>
> Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
>
> . . .
>
> **(4)** Accounts placed for collection . . . which antedate the report by more than seven years.

15 U.S.C. § 1681c(a)(4). On its face, this provision applies only to consumer reporting agencies, not debt collectors or debt owners. Section 1681c(a) specifically prohibits

5

consumer reporting agencies from including certain information in a consumer report, including debts that are more than seven years old. The FCRA expressly places the responsibility to make sure that stale claims are not improperly included on a debtor's record on the credit reporting agency. Plaintiff points to no provision that prohibits a debt collector or debt owner from reporting an old claim to a credit reporting agency.

In addition, the FCRA expressly allows claims that are more than seven years old to be included in a consumer report in certain cases. Specifically, 15 U.S.C. § 1681c(b) provides:

> (b) Exempted cases
>
> The provisions of paragraphs (1) through (5) of subsection (a) of this section are not applicable in the case of any consumer credit report to be used in connection with—
>
> **(1)** a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;
>
> **(2)** the underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $150,000 or more; or
>
> **(3)** the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more.

15 U.S.C. 1681c(b). That the FCRA provides these "exempted cases" demonstrates that the statutory scheme plainly contemplates certain situations where an old debt, such as Plaintiff's, can be appropriately used by a credit reporting agency. In turn, it is only reasonable to conclude that Defendant or Defendant's client could legally provide information on Plaintiff's old debt to a consumer reporting agency.

Taking all of the facts in Plaintiff's Complaint to be true, and construing all reasonable inferences from those facts in the light most favorable to the Plaintiff, the Court concludes that Plaintiff cannot demonstrate that Defendant's alleged threat to report her debt to a consumer reporting agency is false and misleading or that it referred to an action that cannot legally be taken.  In particular, based on the discussion above, Plaintiff cannot demonstrate that it would be illegal for Defendant or Defendant's client to report her debt to a credit reporting agency.  Thus, Plaintiff cannot show that the language used in the April 2, 2008 collection letter violated the FDCPA.  The Court grants Defendant's motion for judgment on the pleadings.[2]

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings (Doc. No. 7) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 2, 2009          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court

---

[2] Defendant makes additional alternative arguments as to why Plaintiff's FDCPA claim fails.  In light of the Court's determination above, the Court need not address those arguments.